JASPER SHELTON, Guardian, v. FLORA HURST *et al.*

HOMESTEAD. *Alienation of. Sale of, by widow alone. Section* 2114 *of Code.*
The amendment to section 2114 of the Code confers a power and in-
terest to the homestead upon the widow and children. In neither is
there the power of disposition without consent of all. Abandonment
or sale by one can not destroy the rights of the others. Upon death
of husband the homestead is complete in the children, and a sale by
the widow is a nullity.

### FROM M'NAIRY.

Appeal in error from the Circuit Court of McNairy
county. GEO. H. NIXON, J.

A. W. STOVALL for Shelton.

PITTS & CUNNINGHAM for Flora Hurst.

TURNEY, J., delivered the opinion of the court.

W. R. Murphy died leaving the complainant a
minor, his only child. His widow, the step-mother
of complainant, intermarried with D. W. Brown.

The father owned lands out of which dower and
homstead were assigned. Brown and wife sold the
homestead to Fielding Hurst.

This bill is filed to set aside that sale and de-
clare the right of complainant to the homestead.

The case presented calls for a construction of the
second section of the act of 1879, chapter 171, page
214, as follows: "Section 2. Be it further enacted,
That section 2114 of the revised Code be so amended

as to read, 'A homestead or real estate in possession of or belonging to each head of a family, and the improvements, if any, thereon, to the value of, in all, one thousand dollars, shall be exempt from sale under legal process during the life of such head of a family, and which shall enure to the benefit of his widow and children, and shall be exempt from sale in any way at the instance of any creditor or creditors; provided, that said real estate may be sold by the joint consent of husband and wife, where that relation exists,' " etc. This amendment confers a right and interest upon the widow and children. In neither is there the power of disposition without the consent of all. The policy of the law is to provide for both jointly. Under it the abandonment or sale by either can not destroy the rights of the other. By the death of the husband and father, the joint power, with him, of the wife to sell was destroyed. The law provides, neither in terms nor by intendment, for but the one mode of sale or alienation by her. The right of the children to homestead during the lives of the parents is contingent upon their exercise of the right to sell. Upon the dissolution of the marriage relation by the death of the husband, the right of homestead is complete in the children, and a sale by the widow is a nullity.

In *Boyett* v. *Riddeck,* decided at the present term, we held that a trust deed, improperly acknowledged by the wife, did not deprive the husband of his homestead right, the statute requiring a joint conveyance by husband and wife, executed as required by

law for married women, and the homestead being an entirety.

The principle of that holding applies here, where the homestead is equally an entirety.

The right of complainant vested at the instant of the father's death, and can not be impaired by an act not her own.

The amendment cited was passed, evidently, to meet and change the law as construed by this court in *Hicks* v. *Pepper*, 1 Baxt., 42.

Decree affirmed, report confirmed, and cause remanded.